Filed 9/8/25  P. v. Wiley CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088758 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF236049) |
| v. | |
| TOMMY LEE WILEY, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Tommy Lee Wiley, in propria persona; John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Meehan, J. and Fain, J.[†]

[†]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

In 2011, appellant and defendant Tommy Lee Wiley (appellant) was convicted of premeditated attempted murder and other offenses, with firearm and great bodily injury enhancements, and prior conviction allegations found true. He was sentenced to 29 years plus 14 years to life. In 2013, this court ordered remand for resentencing in his direct appeal, and he was sentenced to 25 years plus seven years to life. (*People v. Wiley* (Mar. 6, 2013, F062649) [nonpub. opn.].)

In 2023, the trial court was advised that appellant was eligible for resentencing pursuant to Penal Code[1] section 1172.75 because his sentence included two prior prison term enhancements that were now invalid. In 2024, the court dismissed the two prior prison term enhancements and resentenced appellant to 23 years plus seven years to life.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.

After receiving appropriate notice from this court, appellant submitted a letter brief raising numerous issues about his conviction and sentence, his other postjudgment petitions that were denied, that he was absent during the section 1172.75 resentencing proceedings, and that the trial court improperly considered competency issues. We review appellant's claims and affirm.

## PROCEDURAL BACKGROUND

On April 18, 2011, a first amended information was filed in the Tulare County Superior Court charging appellant with committing the following offenses on R.D., on or about April 26, 2010: count 1, attempted murder (§§ 664/187, subd. (a)); that he committed the offense willfully, deliberately, and with premeditation (§ 664, subd. (a)); and he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a));

---

[1]    All further statutory citations are to the Penal Code.

2.

personally and intentionally discharged a firearm (§ 12022.53, subd. (c)); and personally used a firearm (§§ 12022.5, subd. (b), 12022.53, subd. (b)); and count 2, assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)), with enhancements for personal use of a firearm and infliction of great bodily injury.

It was further alleged appellant had one prior strike conviction; one prior serious felony conviction enhancement (§ 667, subd. (a)); and two prior prison term enhancements (§ 667.5, subd. (b)).

**Convictions and Sentence**

On May 11, 2011, after a jury trial, appellant was convicted of count 1, premeditated attempted murder, and count 2, assault by means likely to produce great bodily injury. The jury found true the firearm and great bodily injury enhancements attached to each count.

Appellant waived a jury trial on the prior conviction allegations. After a bench trial, the trial court found he had one prior strike conviction, one prior serious felony enhancement, and two prior prison term enhancements. (*People v. Wiley*, *supra*, F062649.)

On June 3, 2011, the trial court conducted the sentencing hearing, and denied appellant's request to dismiss the prior strike conviction and stay the prior conviction findings.

In imposing sentence, the trial court stated: "The testimony at trial indicated that [appellant] attempted to shoot the victim at virtually point blank and the gun misfired, and he shot at the victim twice. And fortunately for the victim, [appellant] did not strike the victim with a gunshot, but then he proceeded to use the butt of the gun to almost kill the victim."

3.

As to count 1, premeditated attempted murder, the trial court imposed the second strike sentence of 14 years to life,[2] plus 20 years for the section 12022.53, subdivision (c) firearm enhancement and three years for the section 12022.7, subdivision (a) great bodily injury enhancement; and consecutive terms of five years for the prior serious felony conviction enhancement and one year for one prior prison term enhancement. The court stayed the term and enhancements attached to count 2, but did not address the second prior prison term enhancement that was found true.

**Direct Appeal**

In 2013, this court filed the nonpublished opinion in appellant's direct appeal, where he only raised challenges to the bench trial on the prior conviction allegations. This court reversed the trial court's true findings on the prior strike conviction and prior serious felony enhancement, and remanded for a retrial on whether the underlying prior conviction was a serious felony. We also ordered the court to address the second prior prison term enhancement and either strike or impose it, and correct clerical errors in the abstract of judgment. (*People v. Wiley*, *supra*, F062649.)

**Remand for Resentencing**

On remand, the prosecution did not retry the question of whether the underlying prior conviction was for a serious felony. As a result, appellant no longer faced a second strike sentence or a prior serious felony enhancement.

On November 14, 2013, the trial court conducted the resentencing hearing. The court denied appellant's motion to reduce the restitution fine and fees.

---

[2] The sentence for premeditated attempted murder is life in prison with the possibility of parole (§ 664, subd. (a)), with the minimum eligible parole date of seven years (§ 3046, subd. (a)(1)), meaning that a defendant must serve at least seven calendar years before becoming eligible for release on parole, subject to any other sentencing provisions. (*People v. Acosta* (2002) 29 Cal.4th 105, 113–114; *People v. Jefferson* (1999) 21 Cal.4th 86, 90.)

4.

As to count 1, premeditated attempted murder, the trial court sentenced appellant to seven years to life, with consecutive terms of 20 years for the section 12022.53, subdivision (c) firearm enhancement, three years for the great bodily injury enhancement (§ 12022.7, subd. (a)), and two years for the two prior prison term enhancements (§ 667.5, subd. (b)). The court stayed the term imposed for count 2 and the attached enhancements pursuant to section 654.[3]

## SECTION 1172.6 PETITIONS

On March 6, 2019, appellant filed a petition for resentencing of his conviction for premeditated attempted murder pursuant to former section 1170.95, later renumbered as section 1172.6.[4] On March 7, 2019, the trial court denied the petition.

---

[3]     In 2019, the Department of Corrections and Rehabilitation (CDCR) advised the trial court about clerical errors in the abstract of judgment for the indeterminate sentence. On June 11, 2019, the court filed a corrected indeterminate abstract.

[4]     "Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill … 1437.) This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. [Citation.] Senate Bill … 1437 also added [former] section 1170.95, now renumbered as section 1172.6. This created a procedural mechanism for those convicted under the former law to seek retroactive relief." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 295, fn. omitted.)

Former section 1170.95 originally provided for "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill … 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) became effective on January 1, 2022, amended former section 1170.95, and " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77

5.

On December 5, 2022, appellant filed a second petition for resentencing of his conviction for premeditated attempted murder pursuant to section 1172.6.  On December 18, 2022, the trial court denied the petition.

Appellant did not file notices of appeal from the trial court's denials of his first and second section 1172.6 petitions.[5]

## SECTION 1172.75 RECALL AND RESENTENCING PROCEEDINGS

The instant appeal is from the trial court's section 1172.75 recall and resentencing hearing.

On April 26, 2023, the trial court received notice from the Department of Justice that appellant was eligible for resentencing under former section 1171.1, later renumbered as section 1172.75, and placed appellant's case on calendar to appoint counsel.[6]

---

Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.) Former section 1170.95 was renumbered as section 1172.6 without further change on June 30, 2022.  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

[5]     "[A] notice of appeal and any statement [of probable cause] required by … section 1237.5 must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."  (Cal. Rules of Court, rule 8.308(a).)

[6]     "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]  The amendment was to be applied retroactively to all cases not yet final on January 1, 2020."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).  This bill sought to make the changes implemented by Senate Bill 136 retroactive.  [Citation.]  It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75 …."  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

On May 2, 2023, the trial court appointed the public defender to represent appellant in the section 1172.75 proceedings and continued the matter to May 22, 2023.

According to the minute order filed for May 22, 2023, the trial court convened a hearing where defense counsel was present without appellant. The minute order states the court continued the matter to May 31, 2023, for further proceedings on "[Senate Bill] 483" and "[section 1172.6.]"

According to the minute order filed for May 31, 2023, defense counsel advised the court that he was "in the process" of contacting appellant. The court continued the matter to July 13, 2023, for "further proceedings" on "[Senate Bill] 483."[7]

**Striking of the Prior Prison Term Enhancements**

On June 2, 2023, the prosecution filed a response to appellant's eligibility for resentencing pursuant to section 1172.75, and acknowledged appellant had section 667.5, subdivision (b) prior prison term enhancements that should be stricken, and he should receive a full resentencing hearing. Defense counsel did not file a reply brief.

On July 13, 2023, defense counsel was present for a status hearing without appellant, and stated appellant wanted to appear at the resentencing hearing. The trial court agreed to sign a transportation order. The court ordered an updated probation report "striking the [section] 667.5[, subdivision] (b)s, and have them do the report on the remaining counts."

---

"[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. (See § 1172.75, subd. (a).)" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.)

[7] As will be discussed below, these minute orders contained clerical errors because Senate Bill 483 enacted section 1172.75, the subject of the proceedings (*Burgess*, *supra*, 86 Cal.App.5th at p. 380), while Senate Bills 1437 and 775 enacted section 1172.6 (*People v. Reyes*, *supra*, 97 Cal.App.5th at p. 295), and appellant did not have a section 1172.6 petition pending at that time.

According to the minute order, the trial court ordered the two prior prison term enhancements stricken "by stipulation of the parties," referred the matter for an updated probation report for the resentencing hearing that was continued to August 16, 2023, and signed a transportation order for appellant to be brought to that hearing.

On August 16, 2023, the trial court convened the continued resentencing hearing; appellant was present with his attorney. The court granted defense counsel's request to continue the hearing to September 14, 2023, and the parties agreed appellant could appear by video.

## Competency Issues

On September 14, 2023, the trial court convened the continued resentencing hearing. Defense counsel was present and stated appellant remained in CDCR.

The trial court stated there was "some concern about [appellant's] wanting to be present, or physically present, or present by [video call], or not present at all." The court asked defense counsel if he had some concerns whether appellant was "understanding what you're asking of him," and counsel concurred. The court directed defense counsel to draft an order for CDCR to evaluate appellant "as to whether he's understanding and competent and able to make that decision. And if they find that to be the case, then you can have that discussion with him, and we can either set it up to have him transported if he wants to, or have him appear via [video call] or not at all. It's up to him." The court stated that if appellant was found not to be competent, it would order CDCR to report when he was restored to competency.

On September 18, 2023, the trial court signed an order for CDCR to evaluate appellant and determine whether he was competent for the resentencing hearing and, if he was not competent, to determine when he would be restored to competency.

On November 15, 2023, defense counsel appeared at a status hearing without appellant. Defense counsel stated that CDCR had not yet produced a report, and he

8.

would contact CDCR to determine the status of appellant's evaluation. The trial court continued the matter to January 30, 2024.

On January 30, 2024, defense counsel was present without appellant for another status hearing. Counsel reported CDCR would not comply with the trial court's order because it did not conduct mental competency evaluations on custodial inmates, and that was a function of the State Department of State Hospitals.

The trial court and defense counsel agreed appellant should be transported from CDCR to the court, where defense counsel could declare a doubt as to his competency and the court could order a competency evaluation. The court continued the matter to February 23, 2024. On January 31, 2024, the court filed an order to transport appellant to superior court for the next hearing on February 23, 2024.

On February 23, 2024, the trial court convened the resentencing hearing; appellant was present with his attorney. Defense counsel declared a doubt as to appellant's competency for the resentencing hearing. The court suspended criminal proceedings and appointed Dr. Brandi Matthews to conduct an evaluation of appellant, and continued the matter to March 28, 2024. The subsequent hearings were continued because the expert's report had not been filed with the court.

On April 30, 2024, appellant was present with his attorney for another status hearing on the competency issue. The trial court stated Matthews reported that appellant refused to be evaluated, and continued the matter to May 10, 2024.

On May 10, 2024, appellant was present with counsel when the trial court ordered Matthews to try again to evaluate appellant, and continued the matter to May 29, 2024.

On May 29, 2024, the trial court convened a hearing; defense counsel was present without appellant. The court stated it had received the expert's report, and granted defense counsel's motion to continue the hearing to June 5, 2024, to review the report.

The record implies that the trial court found appellant competent because it resumed the section 1172.75 resentencing proceedings without objection.

9.

**Further Hearings**

On June 5, 2024, appellant was present with defense counsel, and the trial court granted counsel's motion to continue the resentencing hearing to September 6, 2024, ordered appellant to be returned to CDCR, and the parties agreed appellant could appear at the next hearing by video call.

On September 6, 2024, defense counsel was present without appellant. The trial court granted counsel's motion to continue the resentencing hearing to September 17, 2024. The court filed an order for CDCR to permit appellant to appear at the next hearing via video call.

## THE SECTION 1172.75 RESENTENCING HEARING

On September 17, 2024, the trial court conducted the section 1172.75 resentencing hearing. Defense counsel was in the courtroom and appellant appeared remotely via video call, as he requested.

Defense counsel stated the trial court now had discretion to strike both the firearm and great bodily injury enhancements, and moved for the court to do so. The prosecutor objected because appellant committed serious and violent actions, and the enhancements were appropriate. The court denied the defense motions.

The trial court sentenced appellant to the aggregate term of 23 years plus seven years to life as follows: seven years to life for count 1, premeditated attempted murder, with consecutive terms of 20 years for the section 12022.53, subdivision (c) firearm enhancement, and three years for the great bodily injury enhancement (§12022.7, subd. (a)). The court stayed the sentences imposed for count 2 and the attached enhancements pursuant to section 654.

On September 26, 2024, the abstracts of judgment were filed for the determinate and indeterminate sentences.

**Notice of Appeal**

On October 10, 2024, defense counsel filed a notice of appeal from appellant's convictions and the trial court's "imposition of sentence, proceedings on this case having been held on January 30, 2023; May 2, 2023; May 22, 2023; May 31, 2023; July 13, 2023; August 16, 2023; September 14, 2023; November 15, 2023; January 30, 2024; February 23, 2024; March 28, 2024; April 30, 2024; May 10, 2024; May 29, 2024; June 5, 2024; September 6, 2024; and September 17, 2024 in the Superior Court."

## DISCUSSION

As noted above, appellant's counsel filed a brief pursuant to *Delgadillo* with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on June 23, 2025, we invited appellant to submit additional briefing. On July 10, 2025, appellant filed a letter brief raising the following issues.[8]

**A. Trial Issues**

In his letter brief, appellant raises issues regarding his trial and convictions—that there were conflicts in the jury's verdicts, the firearm and great bodily injury enhancements should not have been alleged or found true, and the enhancements should have been dismissed.

These issues are not cognizable in this appeal. The initiation of recall and resentencing proceedings under section 1172.75 does not confer on a criminal defendant a new opportunity to raise alleged trial errors. (See, e.g., *People v. Farfan* (2021) 71

---

[8] On April 3, 2025, while the instant appeal was pending, defense counsel filed a request for the trial court to prepare amended abstracts of judgments to correct clerical errors in the amount of the restitution fine and fees imposed. On April 28, 2025, the court filed the corrected abstracts.

On May 29, 2025, appellate counsel sent a letter to the trial court pursuant to section 1237.1, and requested correction of additional errors in the abstracts of judgment. On June 5, 2025, the court filed corrected abstracts.

Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438; *People v. Senior* (1995) 33 Cal.App.4th 531, 535.)

## B.  Appellant's Knowledge About the Resentencing Proceedings

Appellant asserts the section 1172.75 resentencing hearing was not "mentioned" to him.  To the contrary, the record shows he was made aware and attended hearings about the section 1172.75 recall and resentencing proceedings.

The resentencing proceedings were initiated by the State of California as required by section 1172.75, subdivision (b), when it advised the trial court of appellant's eligibility because he was serving a sentence that included now-invalid prior prison term enhancements.  (See, e.g., *People v. Cota*, *supra*, 97 Cal.App.5th 318, 332.)

After the trial court received information about his eligibility for resentencing, it placed the matter on calendar on May 2, 2023, for appointment of counsel and briefing. (See, e.g., *Burgess*, *supra*, 86 Cal.App.5th at pp. 380–381.)  Thereafter, the court appointed counsel, and on May 31, 2023, defense counsel reported he was "in the process" of contacting appellant.

On July 13, 2023, defense counsel advised the trial court that appellant wanted to appear at the resentencing hearing, thus indicating that counsel had communicated with appellant about the proceedings.

On August 16, 2023, appellant was present with his attorney for the hearing, and the parties agreed to another continuance of the resentencing hearing, and he attended subsequent hearings.  Appellant was thus aware that resentencing proceedings had been instituted in his case.

## C.  Appellant's Prior Section 1172.6 Petitions

In his letter brief, appellant cites to minute orders in the resentencing proceedings for the May 2, 22, and 31, 2023 hearings that refer to both Senate Bill 483 and section "1172.6," and raises several issues about his section 1172.6 petitions that were already denied.

We first note that the hearings held in May 2023 were for the section 1172.75 proceedings, and the references in the minute orders to "SB 483" were to Senate Bill 483, which enacted the current version of section 1172.75.  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)  The citations in the minute orders to section "1172.6" were erroneous because the trial court had denied appellant's first and second petitions for resentencing based on that statute in 2019 and 2022, and there were no pending section 1172.6 petitions at the time the court placed this matter on calendar for the section 1172.75 proceedings.

Next, appellant complains the trial court "never responded" to his section 1172.6 petition that was filed on December 5, 2022, and the court improperly denied that petition, "falsified" the denial, and should have considered his section 1172.6 petition during the section 1172.75 proceedings.  Appellant did not file notices of appeal after the court denied his section 1172.6 petitions, and his challenges to the court's orders in those cases are not cognizable in this appeal.  (*People v. Williams* (1988) 44 Cal.3d 883, 917, fn. 12 ["The scope of an appeal is … limited to the record of the proceedings below"].)

## D.  Continuances of the Resentencing Hearing

Appellant next complains the trial court "kept postponing" the section 1172.75 resentencing hearing, apparently without due cause.  Again, the record refutes his claims.

Appellant was present with his attorney at the August 16, 2023 hearing, where the trial court granted defense counsel's request to continue the resentencing hearing to September 14, 2023, and the parties agreed appellant could appear by video conference. At the September 14, 2023 hearing, however, defense counsel advised the court that he

was concerned about whether appellant understood the proceedings. The court ordered CDCR to initiate competency proceedings, but CDCR eventually declined to do so.

On February 23, 2024, appellant was present in court with his attorney, who declared a doubt as to appellant's competency. The trial court suspended criminal proceedings and appointed an expert to conduct the appropriate evaluation. Thereafter, the matter was repeatedly continued because appellant refused to cooperate with the expert's attempt to conduct the competency evaluation.

On May 29, 2024, the trial court stated it had received the expert's report, and granted defense counsel's motion to continue the matter so he could review the report. The record implies that the court found appellant competent because it resumed the proceedings leading to the section 1172.75 resentencing hearing without objection.

The record thus shows the trial court properly delayed the resentencing hearing because of its statutory duty to initiate proceedings to determine if appellant was competent. Moreover, appellant's own conduct further delayed the resentencing hearing because of his refusal to cooperate with the evaluation.

## E. The Competency Proceedings

Appellant argues that at the November 15, 2023 hearing, the trial court and his defense counsel filed an "erroneous mental competency report" pursuant to section 1368, and that was the second time the court filed a "fals[e]" section 1368 proceeding.

" ' "Under section 1368, if a 'doubt arises in the mind of the judge' as to the defendant's mental competence, the judge must 'state that doubt in the record' and solicit defense counsel's opinion on the matter. [Citation.] In such a case, '[i]f counsel informs the court that he believes the defendant is or may be mentally incompetent,' the court must order a hearing. [Citation.]" ' [Citation.] 'A trial court is required to conduct a competence hearing, sua sponte if necessary, whenever there is substantial evidence of mental incompetence.' " (*In re Sims* (2021) 67 Cal.App.5th 762, 773.)

As set forth above, defense counsel expressed a doubt about appellant's competency prior to the resentencing hearing. The trial court complied with its mandatory statutory duty and attempted to obtain a competency report from CDCR, which declined to do so. The court then ordered appellant's appearance in court, and appointed an expert to conduct a competency evaluation.

Appellant did not suffer any prejudice from the initiation of the competency proceedings. The appointed expert filed a confidential report, the trial court reviewed the report, and the court granted defense counsel's motion for a continuance so he could review the report. At the next hearing, the court resumed the proceedings leading to the section 1172.75 resentencing hearing without objection, indicating that it found appellant was competent.

## F. Appellant's Presence at Hearings During the Resentencing Proceedings

Appellant argues the trial court improperly ordered the section 667.5, subdivision (b) enhancements stricken on August 16, 2023, "[m]aliciously behind [his] back" because he was absent from the hearing.

A defendant has constitutional and statutory rights to be personally present at criminal proceedings under various provisions of law. (*People v. Waidla (*2000) 22 Cal.4th 690, 741.) This includes the defendant's personal presence at all critical stages, including sentencing and resentencing. Section 1172.75 ensures the defendant's right to appear, represented by counsel, and have the opportunity to present evidence at the resentencing hearing. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673–674; § 1172.75, subds. (d)(3), (d)(5), & (e).)

However, a defendant does not have to be present at every hearing. (*People v. Davis* (2005) 36 Cal.4th 510, 530.) The defendant " 'is not entitled to be personally present during proceedings which bear no reasonable, substantial relation to his opportunity to defend the charges against him, and the burden is upon him to demonstrate

that his absence prejudiced his case or denied him a fair and impartial trial.' " (*People v. Ervin* (2000) 22 Cal.4th 48, 74; *People v. Waidla, supra,* 22 Cal.4th at p. 742.)

On July 13, 2023, the trial court convened a hearing where defense counsel was present without appellant. Counsel stated appellant wanted to appear at the resentencing hearing. The court agreed and said it would sign the transportation order. The court ordered an updated probation report "striking the [section] 667.5[, subdivision] (b)s, and have them do the report on the remaining counts." The prosecution had already filed a response that agreed the prior prison term enhancements should be stricken.

According to the minute order for the July 13, 2023 hearing, the trial court ordered the two prior prison term enhancements stricken "by stipulation of the parties," referred the matter for an updated probation report, set the resentencing hearing for August 16, 2023, and signed the transportation order for appellant to be brought to that hearing.

At the August 16, 2023 hearing, appellant was present with his attorney, the trial court granted defense counsel's request to continue the resentencing hearing to September 14, 2023, and the parties agreed appellant could appear by video call.

As explained above, there were additional continuances required by the trial court's statutory duty to address defense counsel's doubt about appellant's competency, and appellant's refusal to cooperate with the evaluation.

The trial court conducted the resentencing hearing on September 17, 2024; defense counsel was in the courtroom and appellant appeared remotely via video call, consistent with his request. The court denied appellant's motion to dismiss the firearm and great bodily injury enhancements, and resentenced appellant without reimposing the section 667.5, subdivision (b) enhancements.

To the extent that the trial court ordered the two prior prison term enhancements stricken when appellant was not present at the July 13, 2023 hearing, any violation of his right to be present at a critical stage is harmless beyond a reasonable doubt because the court expressly continued the resentencing hearing. (See, e.g., *People v. Velasco, supra,*

97 Cal.App.5th at p. 674 [violation of constitutional right to be present at resentencing is subject to harmless error review pursuant to *Chapman v. California* (1967) 386 U.S. 18].)

Moreover, appellant was present at the resentencing hearing on September 17, 2024, and section 1172.75, subdivision (e) specifically permits the hearing to be conducted through the use of remote technology "if the defendant agrees," which occurred in this case.

## G.  The Trial Court's Resentencing Decisions

Finally, appellant challenges the trial court's resentencing decisions because the enhancements should have been stricken and he had completed various educational classes and programming in state prison.

At a section 1172.75 recall and resentencing hearing, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)  Section 1172.75, subdivision (d) "vests the superior court with broad discretion based on an inherently factual inquiry" in resentencing a defendant, and we review the resentencing order for an abuse of that discretion.  (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857.)

Appellant's counsel did not file briefing with the trial court or any documents regarding his conduct in CDCR.  At the resentencing hearing, however, defense counsel advised the court that it now had discretion to dismiss the firearm and great bodily injury enhancements, and argued the court should do so.  The prosecutor argued the

enhancements should not be dismissed because of the serious nature of appellant's offenses. The court agreed with the prosecutor's arguments and denied the defense motions to dismiss the enhancements. While appellant's postjudgment conduct in CDCR was not addressed, the court's denial of his motions to dismiss the enhancements is indicative that it would not have imposed a lesser sentence based upon appellant's completion of educational and vocational programs.

## **DISPOSITION**

The trial court's resentencing order of September 17, 2024, is affirmed